## MAYSVILLE & LEXINGTON RAILROAD CO. *v.* JOHN SHAY.

**Damages—Measure of Damages—Instructions—Negligence.**

> In a suit for damages against a railroad company for killing stock, the measure of the damages is the value of the stock killed and not such damages as the jury might believe plaintiff entitled to.

**Instructions.**

> An instruction is erroneous which charges the jury, in a suit for damages against a railroad company, that if the horses were on the road far enough ahead of the cars to enable the engineer to stop the train or to retard the train's progress so that the horses could be driven off, and defendant failed to stop or retard the train, it was responsible for the value of the horses killed. Such an instruction did not even require that the horses should have been seen or have been in a position to be seen by the engineer.

**Negligence.**

> All that is required of railroad employees in case horses are on the right of way in a position to be seen by them, is ordinary care and diligence, such as ordinary men or men of ordinary care and diligence would have used under like circumstances.

APPEAL FROM BOURBON CIRCUIT COURT.

October 8, 1874.

OPINION BY JUDGE COFER:

The jury were told in the first instruction given for appellee, that they should find for him such damages as they might believe from the evidence he was entitled to, instead of the value of the horses killed, which was the only criterion of recovery. They were also told in the same instruction, that if the horses were killed by appellant's cars, they should find for the appellee unless they believe that such killing was unavoidable. They should have been told that they should so find, unless they believe from the evidence, that those in charge of the train had used such care to avoid injuring the horses, as ordinary persons would have used under like circumstances.

The jury were told in the second instruction that "if the horses were on the road far enough ahead of the cars, to enable the engineer by proper means to stop the train before it reached the horses, or to retard the train's progress so that the horses could be driven out of all danger of collision, and defendant failed to stop or retard the train, the defendant was responsible for the value of the horses killed." This instruction did not even require that the horses should have been seen, or have been in a position to be seen by any one on the train, but if they came on the road when the train was so far away that it might have been stopped before reaching them, then the jury were told that appellee was liable.

We do not understand it to be the duty of those running trains to do more than to keep a prudent look-out for stock, and when it

is discovered on the track to take reasonable precautions to avoid injuring it. No general rule as to the particular things to be done can be laid down; that which would be a prudent precaution in one case, might be culpable negligence in another. Those running trains must act in view of the circumstances of such case, and whatever ordinary care and diligence dictates in view of the speed of the train, the condition of the road, the character of the ground on either side, and the habits of stock when on or near the track of a railroad when a train is approaching or passing. If stock is on the track, its opportunities to get off, and the probabilities, in view of all the circumstances, that it will do so, are matters to be taken into the account; and if, in view of all these things, there seems to be a greater probability that it will get off, than that it will remain on the track, those running the train may proceed, taking the usual methods of sounding the whistle, or ringing the bell to alarm the stock from the track;. but if, notwithstanding the greater probability that it would leave the track and the precautions are taken to induce it to do so, it remains on the road and is killed, the company is not liable.

The third instruction for appellee does not correctly lay down the standard of such diligence and care as is required in such cases. All that is required of railroad employees in such cases, is ordinary care and diligence, that is, such care and diligence as ordinary men, or men of ordinary care and diligence would have used under like circumstances.

The judgment is *reversed* and the cause is remanded for a new trial.

*R. H. Hanson, for appellant.*

*Thomas F. Hargis, for appellee.*